UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE BARTHELEMY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 00-1083 |
| LOUISIANA DEPARTMENT OF<br>HEALTH AND HOSPITALS, ET AL. | SECTION "N" |

### ORDER AND REASONS

Before the Court is Defendants' **Motion for Reconsideration (Rec. Doc. No 106)**. After reviewing the memoranda of the parties and the applicable law, this Court finds that this motion should be denied for the reasons that follow.

**A.   Background**

On August 21, 2007, Plaintiffs filed a Motion for Attorneys' Fees and Expenses for Monitoring and Enforcing the Settlement (Rec. Doc. 103), which was set for hearing on September 26, 2007, without oral argument. This motion was not opposed. Thus, on September 26, 2007, the Court granted the motion as unopposed and specifically stated that it appeared that the motion had merit. Thereafter, on October 8, 2007, Assistant Attorney General Scott Vincent requested leave to enroll as counsel for Defendants regarding the defense of the attorney's fees issue. The Court granted Mr. Vincent's request to enroll. Also, on October 8, 2007, Defendants filed a motion for reconsideration of the Court's order granting Plaintiff's motion regarding attorney fees. It is this

1

motion that the Court addresses herein.

### B.   The Motion for Reconsideration

In the motion to reconsider, Defendants fail to provide a reason why no opposition was filed to the original motion. They do claim that the failure to file an opposition was "unintentional." Defendants also assert that Bureau of Legal Services for the Department of Health and Hospitals ("DHH"), which represented Defendants on the merits, is not responsible for the attorney's fees aspect of the case. Instead, Defendants explain that the defense of the liability for attorney's fees is vested with the Louisiana Attorney General's office. Defendants then simply state that the Attorney General's office was never served with the motion for attorney's fees. They fail to explain why the DHH's Bureau of Legal Services did not forward the motion to the necessary individual in the Attorney General's office.   No other explanation is given for the lack of response.

This Court finds that the explanation given by defense counsel is not sufficient to warrant a reconsideration of its initial order. In further support of this conclusion, the Court notes that emails attached to the Supplemental Declaration of Nell Hahn (Rec. Doc. 111-2) indicate that on August 23, 2007 (two days after the original motion for attorney's fees was filed), counsel for DHH told Ms. Hahn that Scott [Vincent] had been assigned to "write the response to your motion for fees" and "they [the Ag's office] have everything." Thus, there has been no good reason presented to the Court as to why it should reconsider its original order.

As for Plaintiff's Notice of Application for Taxation of Costs (Rec. Doc. 112) associated with filing a response to the motion for reconsideration, the Court finds that 13.9 hours is too long to have spent on a response, which did not require extensive legal research. The Court finds that one-half of the amount of time claimed is reasonable - specifically, 6.95 hours. Thus, the Court

awards the Advocacy Center the costs of preparing a response to this motion for reconsideration for 6.95 hours at $225/hour = $1563.75.  Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Reconsideration (Rec. Doc. No 106)** should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall pay $1563.75 to the Advocacy Center within 15 days from the date of this order.

New Orleans, Louisiana, this 7th day of November, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**