UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE BARTHELEMY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 00-1083 |
| LOUISIANA DEPARTMENT OF<br>HEALTH AND HOSPITALS, ET AL. | SECTION "N" |

**ORDER AND REASONS**

Before the Court is (1) Plaintiffs' Motion to Enforce Settlement Agreement (Rec. Doc. 119) and (2) Defendants' Motion to Enforce the Settlement Agreement Termination Date of December 31, 2007 (Rec. Doc. 121).

**A.     Background**

On October 18, 2001, the Court[1] approved a Settlement Agreement in this case. (Rec. Doc. 26). The "objective" of the settlement agreement was to decrease the wait for home and community-based Medicaid services from several months to 90 days.  According to the Agreement, it was to terminate after four years, on December 31, 2005.   Thereafter, Plaintiffs filed a Motion to Enforce the Settlement Agreement on March 20,2006 (Rec. Doc. 89). This Court extended[2] the Agreement until December 31, 2006, and subsequently extended it again to June 30, 2007. (Rec. Doc. 99). In

---

[1]     Judge Edith B. Clement presided in Section N over this case at that time.

[2]     The upheaval resulting from the occurrence of Hurricane Katrina was a significant factor considered by the Court in extending the Agreement an additional 12 months.

1

July of 2007, the parties submitted a Joint Status Report notifying the Court that they had agreed upon an extension of the Settlement Agreement until December 31, 2007. (Rec. Doc. 101). This Court granted their joint motion, and the settlement agreement is now extended through December 31, 2007. (Rec. Doc. 102). Plaintiffs now seek to extend the settlement agreement period indefinitely, while Defendants seek to enforce the current December 31, 2007 termination date.

**B.  Analysis**

The Court notes that there is a distinct difference between an "objective" and an "obligation". The "objective" initially contemplated by the settlement agreement was a "goal" - not a "requirement" or absolute condition. Thus, the Court disagrees with Plaintiff's interpretation that the Settlement Agreement should be extended indefinitely until the wait time for waiver services is reduced to precisely 90 days (or less) from the time of the request for such services. (According to Plaintiffs, the current wait time is approximately 39 months). However, the Court is willing to extend this agreement for five months, through June 1, 2008. If, at that time, it is apparent to the Court that Defendants have genuinely and exhaustively attempted to comply with reaching the objectives sought in the Agreement to the maximum extent possible, the Court will consider enforcing that date as the termination date of the Agreement. The Court notes that there are other, potentially more effective, avenues for Plaintiffs to pursue achievement of the overall goals sought herein (i.e., through the political process of state government). If, however, the Court determines that Defendants have not seriously attempted to fulfill the objectives contemplated by the Agreement, the Court will extend the Agreement for an additional amount of time determined to be appropriate and necessary. Accordingly,

**C.  Conclusion**

**IT IS ORDERED** that **Plaintiffs' Motion to Enforce Settlement Agreement (Rec. Doc. 119) is GRANTED IN PART and DENIED IN PART** such that the Settlement Agreement termination date is not extended indefinitely but is extended for five months, **through June 1, 2008.**

**IT IS FURTHER ORDERED** that **Defendants' Motion to Enforce the Settlement Agreement Termination Date of December 31, 2007 (Rec. Doc. 121)** is **DENIED**.

New Orleans, Louisiana, this 28th day of December, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**